## Appeal of HUFF, ANDREWS & THOMAS.        Docket No. 336.

A payment made by a corporation in the year 1918 under the circumstances set forth herein *held* to be an ordinary and necessary expense of its business and deductible as such in that year.

Submitted December 20, 1924; decided January 31, 1925.

*James Hagerman, jr.*, and *Franklin C. Parks, Esqs.*, for the taxpayer.

*Robert A. Littleton, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

From the evidence submitted at the hearing the Board makes the following

### FINDINGS OF FACT.

The taxpayer is a West Virginia corporation engaged in the wholesale grocery business at Bluefield, W. Va., and has appealed from a determination of the Commissioner to assess additional taxes for the years 1918 to 1920, inclusive. No evidence has been presented with respect to any year other than the year 1918 and the only matter in dispute in that year is the deduction of $5,000 taken by the taxpayer as an ordinary and necessary expense of its business.

During the year 1918 the taxpayer conducted its business under a license of the United States Food Administration issued under the authority granted to the President by section 5 of the Act of August 10, 1917, known as the Food Control Act or the Lever Act. About July 15, 1918, two representatives of the Food Administration made an investigation of the books of the taxpayer to ascertain the amount of profits it was making on sales of sugar and flour. On July 22,

1918, Mr. S. M. Bernard, Secretary of the taxpayer, was served with the following notice:

BLUEFIELD, W. VA.
7/22/18

S. M. BERNARD,
　　*Secretary, Huff, Andrews & Thomas Co.,*
　　　　　*Bluefield, W. Va.*

DEAR SIR: You are hereby notified to appear before the State Administrator of the U. S. Food Administration in Wheeling, W. Va., at 10 o'clock A. M., Wednesday, July 24th, to answer to charges made against you for violation of the U. S. Food Control Law.

Respectfully,

(Signed)　　PERCY HALL,
　　　　　W. C. LAIBLIN,
*Special Investigators—U. S. Food Administration.*

In accordance with the notice in said letter of July 22, 1918, Mr. Bernard appeared at Wheeling, W. Va., on the date stated therein, before W. R. Oglesby, the West Virginia Food Administrator, J. R. Trotter, his assistant, and a Mr. Figley, and was informed by them that the taxpayer was charged with selling flour and sugar at a profit in excess of the profit prescribed by the Food Administration. Mr. Bernard denied the charges on behalf of the corporation and requested time within which to consult counsel and prepare a defense, which privilege was denied. After some discussion he was informed that the taxpayer would be required to make a payment of $5,000 to the Red Cross or such other war charities as the Food Administrator should direct. Objection to this action was made by Mr. Bernard, and he was then told that if the payment was not made the license issued to the corporation by the Food Administration to do business would be immediately revoked. Believing that the threat to revoke the license would be carried into effect and the corporation prohibited from carrying on its business, Mr. Bernard submitted to such decision, and three checks were then prepared by an employee of the Food Administrator, the amounts and payees being dictated by that official. These checks were signed by Mr. Bernard, under protest, and delivered to the Food Administrator, as follows:

$2,500 in favor of George S. Strader, Treasurer, Red Cross.
$1,250 in favor of George S. Strader, Treasurer, Army and Navy Y. M. C. A.
$1,250 in favor of Bluefield Chapter, Red Cross, Bluefield, W. Va.

The taxpayer deducted the amounts of the above checks from its gross income for the year 1918 as an ordinary and necessary expense of its business. The Commissioner has disallowed the deduction and proposes to assess a tax thereon for that year.

The taxpayer in its petition claims the right to special relief under the provisions of sections 327 and 328 of the Revenue Act of 1918 for the years 1918, 1919 and 1920. No evidence was submitted to substantiate this claim and the Board is without any evidence upon which to find facts with relation thereto.

DECISION.

The determination of the Commissioner with respect to the additional taxes for the year 1918 is disapproved. No evidence having been presented by the taxpayer as to the claimed right to special

relief under sections 327 and 328 of the Revenue Act of 1918 for the years 1918, 1919 and 1920, the petition is dismissed with respect thereto. The amount of the deficiency to be assessed for the year 1918 will be settled on consent or on ten days' notice under Rule 50.